MaNLY, J.
The facts, as they appear upon the record returned into‘this Court, are that the ..petitioner,-in the beginning, furnished a substitute .under the act of April, 1862. After the passage of the act of the 5th January, 1864, declaring persons no longer exempt by reason of having furnished substitutes, he became again liable to. military service. He was not, however, enrolled or ordered into camp until the 3rd of May, 1864. In the meanwhile, he had made an engagement with the 'editor of a long established paper in the city of Raleigh, and actually entered into his service on the 2nd day of May, 1864. . The editor has made a certificate, under oath, that *138 petitioner is a necessary employee in his office, as prescribed by the act of ITth'February.
The question is, whether he be exempt,-
The difficulty seems to arise ,from what wé consider a misapprehension of the true and proper-effect1 of the act of ITtk Feb., 1864, chap. 65.
Although in respect to age it fixes the “status” of-every citizen at its passage, as liable or not liable to serve for the wai\ as they might’ be within or without the ages prescribed., yet it is not per sean enrolment, or mustering into service, so as to withdraw- rimn from their pursuits, and deprive them of the liberty’ of.engaging in or changing them at pleasure, although these pursuits might operate as an exemption from military duty.
We can perceive-nothing in the pol'ic}-' or language, of this law, tu prevent a citizen after its enactment, though subject under it to military duty, from accepting -an office, or from engaging in any occupation which interest or inclination might suggest; provided it were done before he was actually called into -service by enrollment. Up to that time, the State had a right tó the service of its citizens, and they had a personal liberty to engage in whatsoever business they might think proper. We are citizeiis of the State, and also of the Confederate States. We owe duties to each ; and if these duties are inconsistent, both cannot be performed. There is no principle by which such, a conflict can be settled, but that of the maxim, prior est in tempore, potior est injure.! ■ If one government has, appropriated a person to its 'service, by inducting him, in the way known to the law, into'a place of duty, the other must yield its claim. The language of the act is, “from and after the passage of this act, all white men, residents of the Confederate States, between the ages of 1T«and 50, *139 shall be in the military service pf the Confederate States, for the war.” The terms ate admitted to be. comprehensive ; but they must, we think, be interpreted in the mod-i ified.sensd of declaring simply, all persons within the ages, to be subject to duty when called on. Such seems to be the sense in which the government itself has understood them ;* for it has put into action the official machinery necessary .for actually enrolling and bringing into camp ;■ and- haS not regarded the menas subject to military la,w, .until so brought in.
We make no question, because it seems tb us plain that the exemption granted by the act to necessary employees in newspaper establishments, was intended to apply, not only to such as were employed at thé time of the passage of the act, but to such as might be introduced - in their stead, or become necessary from time to time in the development of the business.
It will then be seen that, although the petitioner was liable, under the act of Congress, to be called at any time into active service, yet, inasmuch as he was not so called and ordered into camp until - after he had become an employee in the publication of the newspaper, certified to be necessary, he is exempt by virtue of the same act of 11th of February. There is but a narrow space of time between the employment 'and the enrolment. It is, nevertheless, sufficient to mark his-case, and to distinguish it-from a case of liability to enrolment, and consequent liability to duty. ' • ' '
The judgment at chambers is affirmed, and the prisoner discharged ; the costs to bo paid by the officer, Scott.